```
                       United States Bankruptcy Court
                       Middle District of Pennsylvania
In re:                                                         Case No. 16-04631-JJT
Andrea M. Hissick                                              Chapter 7
         Debtor              CERTIFICATE OF NOTICE
```

District/off: 0314-5          User: PRatchfor          Page 1 of 1              Date Rcvd: Feb 23, 2017
                              Form ID: 318             Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 25, 2017.
```
db         +Andrea M. Hissick,    433 E Muir Ave,    Hazleton, PA 18201-7432
4854212    +AR Resources, Inc.,    PO Box 1056,    Blue Ball, PA 19422-0287
4854222    +Chase,   PO Box 78420,    Phoenix, AZ 85062-8420
4854223    +Credit Acceptance,    PO Box 5070,    Southfield, MI 48086-5070
4854211    +Debt Recovery Solutions, LLC,    6800 Jericho Turnpike, Ste. 113E,    Syosset, NY 11791-4401
4854218    +Eltman Law, PC,    101 Hudson Street, Ste. 2702,    Jersey City, NJ 07302-3929
4854216    +Enhanced Recovery Company,    PO Box 57547,    Jacsonville, FL 32241-7547
4854210    +LVNV Funding,    200 Meeting Street, Ste 206,    Charleston, SC 29401-3187
4854219    +Luzerne County Sheriffs Office,    Luzerne County Courthouse,    200 N River Street,
             Wilkes-Barre, PA 18711-1001
4854221    +Midland Funding LLC,    2365 Northside Dr., Ste 300,    San Diego, CA 92108-2709
4858292    +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4854217    +Recovery One, LLC,    3240 W Hendson Rd.,    Columbus, OH 43220-2300
4854215    +Service Electric,    380 Maplewood Dr.,    Hazle Township, PA 18202-8200
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr          +E-mail/Text: wschwab@iq7technology.com Feb 23 2017 18:53:28     William G Schwab (Trustee),
              William G Schwab and Associates,    811 Blakeslee Blvd Drive East,    PO Box 56,
              Lehighton, PA 18235-0056
4854213      E-mail/Text: bankruptcy@bbandt.com Feb 23 2017 18:53:13     Branch Banking & Trust Company,
              PO Box 1489,   Lumberton, NC 58359
4854220     +EDI: CREDPROT.COM Feb 23 2017 18:58:00     Credit Protection Association,
              13355 Noel Rd., Ste. 2100,    Dallas, TX 75240-6837
4854214     +EDI: BLUESTEM Feb 23 2017 18:58:00     Webbank/Fingerhut,    6250 Ridgewood ROA,
              Saint Cloud, MN 56303-0820
                                                                                              TOTAL: 4
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*         +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4854224    ##+Chase Corp,    10790 Rancho Bernaro,    San Diego, CA 92127-5705
                                                                                 TOTALS: 0, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 25, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 23, 2017 at the address(es) listed below:
```
              Christy Marie DeMelfi    on behalf of Debtor Andrea M. Hissick christy@demelfilaw.com
              Michael J Clark    on behalf of Creditor    JPMORGAN CHASE BANK N.A. bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
              William G Schwab (Trustee)    schwab@uslawcenter.com,
               wschwab@iq7technology.com;ecf@uslawcenter.com
                                                                                              TOTAL: 4
```

| | | |
|---|---|---|
| **Information to identify the case:** | | |
| Debtor 1 | **Andrea M. Hissick** | Social Security number or ITIN  xxx−xx−0379 |
| | First Name   Middle Name   Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Pennsylvania** | | |
| Case number:   **5:16−bk−04631−JJT** | | |

## Order of Discharge                                                                                     12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

   Andrea M. Hissick

**By the court:**   *[signature]*

February 23, 2017

   Honorable John J. Thomas
   United States Bankruptcy Judge

   By: PRatchford, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                         **Order of Discharge**                         page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**